IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Crim. No. 25-505 |
| | : | |
| DOUGLAS PENGLASE | : | |

Diamond, J.                                                                                                                         January 8, 2026

## MEMORANDUM OPINION

Douglas Penglase has pled guilty to distributing and possessing via the Internet a huge quantity of child pornography, depicting, *inter alia*, acts of violence and depravity committed against infants and prepubescent children.  (Doc. Nos. 18, 25.)  He asks me to vacate Magistrate Judge Reid's detention Order.  (Doc. No. 20.)  The Government opposes his request, which I will deny.  (Doc. No. 22.)

### I.   BACKGROUND

After his March 2025 arrest, Penglase appeared before Judge Reid.  18 U.S.C. § 3142(e)–(f)(1)(E); (Doc. Nos. 10–11.)  Pretrial Services recommended his release with extensive conditions, including restricting Penglase's Internet access, and monitoring the Internet access of his brother (with whom Penglase intended to reside).  (Doc. No. 20 Ex. A.)  In refusing release, Judge Reid noted that because the brother is an information technology expert, those restrictions could easily be evaded.  (Doc. Nos. 11, 20 at 1); ("[T]here was issue or concern by the Magistrate that [Penglase] residing with his brother . . . would compromise any computer monitoring."  (Doc. No. 35 ("S. Tr.") 8:4–11.))

For some eight months, Penglase did not appeal Judge Reid's decision, repeatedly waiving timely indictment while he proffered and negotiated a plea agreement with the Government.  (Doc. No. 20 ¶ 2.)  On November 25, 2025, Penglase was charged in a two-count Information, and the matter was assigned to me.  (Doc. No. 18.); 18 U.S.C. § 2252(a)(2); 18 U.S.C. § 2252(a)(4)(B),

1

(b)(2). On December 11, shortly before his scheduled guilty plea, Penglase challenged Judge Reid's detention Order for the first time. (Doc. No. 20.) After Penglase pled guilty, I conducted a bail hearing and took the matter under advisement. (Doc. Nos. 25; 33, 35.)

## II. DISCUSSION

The Parties disagree as to which detention standard applies: pretrial, presentence, or appellate. (See Doc. Nos. 20, 22 (citing 18 U.S.C. § 3142; 18 U.S.C § 3143; 18 U.S.C § 3145).) Although Penglase plainly seeks presentence release, I will consider his request under each standard.

### A. 18 U.S.C. § 3142

This statute provides that at pretrial, a defendant should be released unless "no condition or combination of conditions will reasonably assure" his appearance at court and the safety of the community. 18 U.S.C. § 3142(e)(1). Penglase argues that this standard governs here because he seeks revocation or amendment of Judge Reid's pretrial Order. (Doc. Nos. 13, 20.) I do not agree.

When "a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The "court having original jurisdiction over the offense" is "the court in which the prosecution is pending"—here, the district court, which exercises de novo review over a magistrate judge's bail determination. United States v. El Edwy, 272 F.3d 149, 154 (2d Cir. 2001); United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985).

Defense Counsel urges that "because of the unusual procedural steps at the inception of this prosecution, [Penglase] has not had the opportunity to seek de novo review" of Judge Reid's detention order. (Doc. No. 20 ¶ 15.) Penglase thus argues that there was no "court having original

2

jurisdiction over the offense" available to hear his appeal until the filing of an Information in November, when the case was assigned to me. (Id. ¶ 5; S. Tr. 20:16–25.) Penglase suggests that in these circumstances, his bail request is a de novo appeal of Judge Reid's detention order, requiring me to apply the § 3142 pretrial standard. (Doc. No. 20 ¶¶ 6–8.) With this slight of hand, Penglase asks me to ignore procedural reality. As I have discussed, Penglase waived timely indictment repeatedly while he proffered and negotiated with the Government. (Id. ¶ 2.) Penglase's attorney acknowledges he could have sought bail review during these months: before the case was assigned to me, Penglase could have appealed Judge Reid's Order to the Court's Emergency Judge. (Doc. No. 33 ("Tr.") 4:1–11; 21:18–21.) Counsel also acknowledges that this matter would have been assigned to a judge "having original jurisdiction" sooner if Penglase agreed to the filing of a placeholder Information while he continued to negotiate. (Tr. 5:6–12.)

It is thus evident that Penglase did not seek immediate review of Judge Reid's Order for strategic reasons: "we were waiting for strategic reasons to try to negotiate as skinny of an Information as we could." (Tr. 5:1–5); ("[T]here is a strategic reason for waiting here too" (Tr. 4:17.)) Penglase may not now mischaracterize his strategic decisions to take advantage of the § 3142 pretrial detention standard *after he pleaded guilty*. Penglase's trial is not "pending"; he is awaiting sentencing. Plainly, § 3143 applies.

Even if, in an abundance of caution, I were to apply the § 3142 standard, Penglase cannot meet it. Because he is charged with an offense involving a minor victim, the burden shifts to Penglase to overcome the presumption that no "combination of conditions will reasonably assure [his] appearance" and the "safety of the community." 18 U.S.C. § 3142(e)(3)(E). He has made no such showing. To the contrary, the Government has shown that Penglase's release would threaten the community's safety. Counsel acknowledges that Penglase is a pedophile. (S. Tr. 26:15–21);

3

([Defense Counsel]: "We're not disputing it" (S. Tr. 14:19.)) The Government has detailed the frightful materials that Penglase possessed—details Penglase does not dispute, including the depiction of torture and sexual abuse of toddlers and young children. (Doc. No. 22 at 2–6.) Penglase told police that he had been viewing such material for six years, even though he knew this was wrong. (Id. at 4–5.) It appears that when Pretrial Services made its bail recommendation, it was not aware of this information.

To mitigate the danger his release would present, Penglase offers to wear a GPS monitor, abide by home detention, and "would even forego use of an Internet-connected device." (Doc. No. 20 ¶ 10, 13.) Yet, computers are ubiquitous. Even if Pretrial Services confiscated Penglase's devices, the agency could not reliably prevent him from accessing the Internet on devices owned by others, or from purchasing or borrowing new devices. (See Doc. No. 22 at 11.) Defense Counsel suggests requiring Penglase's housemate—whoever that might be—to report Penglase's computer use to Defense Counsel, who would then report it to the Court. (S. Tr. 16:22–17:9.) This is both impractical, easily undermined, and could well saddle Counsel with conflicting obligations.

Moreover, even without Internet access, Penglase remains dangerous. Penglase, who worked at a public school for some eleven years, was an active participant in child pornography "chat rooms." (Doc. No. 20-1 at 2; See S. Tr. 27:13–19; Doc. No. 22 at 2–6.) He sometimes initiated discussions by sending images (none of them pornographic) of both students and other children (the latter, members of his family.) (Doc. No. 22 at 5–6.) Penglase then discussed raping the children depicted. (Id.) He boasted of stealing a family member's underwear, saying "it was so exhilarating. I think it's the hunt." (Id. at 5.)

Before his bail hearing, Penglase proposed that if released, he would reside at the home of his brother or his mother. He withdrew those proposals at the hearing. (S. Tr. 14:24–15:4.). I

4

have discussed the hazards posed by his brother's computer expertise. Moreover, the Government learned that the home of Penglase's mother was quite close to a children's day care center. (Doc. No. 22 at 14–15.) At the bail hearing, Defense Counsel proposed that his client would reside at the residence of a friend, who, apparently, has no children. (S. Tr. 15:2–11.) Yet, children live in every neighborhood. Given Penglase's longstanding obsession with children, it is disturbing to consider how he would manage being cut off from the Internet—his primary source of sexual gratification for the last six years—knowing that children reside in his community. (Doc. No. 22 at 4.) Plainly, releasing Penglase into that community would pose an unacceptable danger.

> **B.      18 U.S.C. § 3143**

In the alternative, I conclude that Penglase cannot meet the presentence release standard.

A court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officers finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). When the offense is a "a crime of violence" under the Bail Reform Act and subject to a maximum ten-year term of imprisonment or more, the Court may order release only if two conditions are met. Id. § 3143(a)(2); see id. § 3142(f)(1)(A)–(C). First, either the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted," or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." Id. § 3143(a)(2)(A)(i)–(ii). Second, the Court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." Id. § 3143(a)(2)(B).

Penglase is awaiting sentencing for distribution and possession of child pornography—crimes of violence. See United States v. Fraser, 152 F.Supp.2d 800, 805 (E.D. Pa. 2001) ("Under

the Bail Reform Act, a 'crime of violence' is defined as 'any felony under [chapter 110,' which] encompasses the federal criminal statutes regarding sexual exploitation of children and includes 18 U.S.C. § 2252(a)(2).") (citations omitted).  Because he has pled guilty, there is no "substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). At Penglase's bail hearing, prosecutors stated that the Government would seek a term of imprisonment. (S. Tr. 25:4–8.)  Defense Counsel agreed that Penglase would receive a custodial sentence: there is a mandatory minimum term of five years' incarceration on Count One of the Information. (S. Tr. 24:5.); 18 U.S.C. § 3143(a)(2)(A)(ii); 18 U.S.C. § 2252(b)(1).

In these circumstances, Penglase is not entitled to bail under § 3143.

### C. 18 U.S.C. § 3145(c)

Finally, Penglase urges that Judge Reid's decision can be appealed to me under § 3145(c). Under that provision, Penglase "may be ordered released, in appropriate conditions, by [a] judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

The Parties do not dispute that I have authority to grant bail under this provision. (S. Tr. 23:14–15; see Doc. No. 22 at 12.)  Although § 3145(c) provides for Penglase taking an "appeal," the provision contemplates release by a "judicial officer"—not necessarily in a court higher than the district court. 18 U.S.C. § 3145(c). A "judicial officer" is "any person or court authorized . . . to detain or release a person before trial or sentencing or pending appeal in a court of the United States." 18 U.S.C. § 3156(b)(1).  This definition "unquestionably encompasses district judges." United States v. Smith, 34 F.Supp.3d 541, 548 (W.D. Pa. 2014) (quoting United States v. Goforth, 546 F.3d 712, 715 (4th Cir. 2008)).  Although not addressed by the Third Circuit, every circuit court to consider the question has ruled that a district court may apply § 3145(c).  See United States

v. Meister, 744 F.3d 1236, 1237 (11th Cir. 2013); United States v. Christman, 596 F.3d 870, 871 (6th Cir. 2010); United States v. Goforth, 546 F.3d 712, 715 (4th Cir. 2008); United States v. Garcia, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993) (per curiam); United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam); United States v. Jones, 979 F.2d 804, 806 (10th Cir. 1992) (per curiam); United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam).  Under § 3145(c), Penglase may thus appeal to me Judge Reid's detention decision.

In considering Penglase's appeal, I bear in mind that district courts have "wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004).  "[E]xceptional" generally "requires something 'out of the ordinary' to distinguish the defendant's case from those of [other defendants] subject to mandatory detention." Smith, 34 F. Supp. 3d at 553–54 (quoting United States v. Salome, 870 F. Supp. 648, 653 (W.D. Pa. 1994)).

There are no exceptional reasons here.

Penglase argues that Pretrial Services' recommendation is itself exceptional.  (See Doc. No. 20 at 1; S. Tr. 7:21–8:3.)  Although unusual in child pornography cases, the recommendation is not exceptional.  This is especially so, as it appears that the agency knew nothing of Penglase's statements to the police, in which he admitted that for six years he viewed depictions of the torture and abuse of young children. (Doc. No. 22 at 4.)  The agency was also unaware of Penglase's rape fantasies as he circulated photographs of students and family members.  (Id. at 5–6.)  The agency's recommendation is thus less than persuasive, and certainly not exceptional.  See United States v. Bastianelli, 2022 WL 1120044 at *8 (W.D. Pa. April 14, 2022) (refusing presentence release despite Pretrial Services' recommendation); United States v. Francis, 2020 WL 1912214, at *2

7

(W.D. Pa. April 20, 2020) (denying motion for pretrial release despite Probation's recommendation).

Neither are Penglase's remaining reasons for release "out of the ordinary." Smith, 34 F.Supp.3d at 553. He alleges that he has been sexually assaulted at the Federal Detention Center, and that he proffered with the Government. (Doc. No. 20 ¶ 6; S. Tr. 8:19–9:15). I have assumed that this allegation is true, although at the bail hearing the Prosecutor noted that the FDC had found that no assault had taken place. (S. Tr. 9:16–10:5; 11:13 – 14.) Accordingly, during the hearing, at Penglase's request, I ordered his transfer from the Federal Detention Center to the Lehigh County Jail. (S. Tr. 11:18–13:4; Doc. No. 24.) Because (as I subsequently learned), transfer from a federal to a state institution is not practicable at this time, Penglase has been transferred to a safer cell block at the FDC. (Doc. No. 26.) If Penglase can show that he remains in danger, I am prepared to revisit this issue. At present, it is not an "exceptional circumstance."

Finally, Penglase's proffering is hardly exceptional. To the contrary, it is quite common for defendants to acknowledge their guilt by proffer, especially during plea negotiations. See United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007) ("exceptional reasons" under § 3145(c) requires circumstances that are "clearly out of the ordinary, uncommon, or rare").

In sum, because the reasons Penglase offers for his release are not extraordinary, I will deny his § 3145(c) appeal.

## III.    CONCLUSION

Douglas Penglase is an admitted pedophile, who has pled guilty to possessing and distributing a large quantity of videos and images of infants and prepubescent children being abused. Although he had no prior criminal record, he told authorities that his wrongful conduct extended over some six years. In pedophile chat rooms, he circulated depictions of students and

children in his family, explaining that the depictions impelled him to have rape fantasies. In these circumstances, regardless of the standard I apply—pretrial, presentence, or appellate—I will not vacate Judge Reid's detention Order. Penglase's Motion for Bail is denied.

An appropriate Order follows.

**AND IT IS SO ORDERED.**

_____<br>Paul S. Diamond, J.